UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CANYON SUPPLY & LOGISTICS, LLC,  §
§
       Plaintiff,  §
VS.  §     CIVIL ACTION NO. 2:13-CV-89
§
MCDERMOTT, INC., *et al*,  §
§
       Defendants.  §

## ORDER ON MOTION TO REMAND

Before the Court is Plaintiff, Canyon Supply & Logistics, L.L.C.'s (Plaintiff or Canyon Supply's) motion to remand or, alternatively, motion to refer this removed civil action to the United States Bankruptcy Court.  D.E. 14.  For the reasons set out below, the Motion is GRANTED and this action is REMANDED to state court.

## FACTS

Plaintiff entered into a contract with Defendant McDermott, Inc. (McDermott) for the purchase of a multi-million dollar commercial property.  When the closing was delayed and ultimately did not take place as planned, Plaintiff filed for relief under Chapter 11 of the United States Bankruptcy Code, in an apparent effort to salvage the transaction.  However, the Bankruptcy Judge issued an order holding the subject real estate purchase contract "rejected" as an executory contract when Plaintiff, as Debtor-in-Possession, failed to supply the court-ordered assurances that it could perform the contract and protect McDermott's rights until the sale could be completed.  D.E. 1-1.

Plaintiff brought suit in the County Court at Law No. 1, Nueces County, Texas on February 28, 2013, alleging a number of state-law claims related to Defendants' conduct that allegedly impaired or prevented the closing of the transaction.  D.E. 1-2, p. 3, *et seq*. Plaintiff has filed a *lis pendens* and seeks recovery of the property as well as compensatory damages, punitive damages, attorney's fees, pre- and post-judgment interest, costs, and general relief.  D.E. 1-2, pp. 28-33.  McDermott filed a general denial in state court and timely removed this case on March 28, 2013.  D.E. 1; 1-2, p. 34.  As the individual Defendants do not appear to have been served and joined, their consent is not required.  D.E. 1-2, p. 2; 28 U.S.C. § 1446(b)(2)(A).

## STANDARD OF REVIEW AND CONTENTIONS

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."  *Maguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  *Id*. The strict construction rule arises because of "significant federalism concerns."  *See generally*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

The basis recited for removal jurisdiction is the subject action's relationship with the Plaintiff's pending Bankruptcy Case in the Southern District of Texas, Corpus Christi Division.  28 U.S.C. § 1334.  Plaintiff first argues that the removal to this Court, as opposed to the Bankruptcy Court, was fatally defective.  Second, because the law giving rise to Plaintiff's allegations is exclusively the state law of Texas, the substantive question facing this Court is whether this action is merely "related to" the Bankruptcy

Case or, alternatively, "arises in" the Bankruptcy Case or "arises under" Chapter 11 of the United States Code.  Plaintiff seeks mandatory abstention under 28 U.S.C. § 1334(c), arguing that this case is only "related to" its Bankruptcy Proceeding in that its only impact on the Bankruptcy is augmenting the Bankruptcy Estate with the recovery it hopes to achieve.  Alternatively, Plaintiff seeks permissive abstention or equitable remand.

McDermott argues for "arises in" or "arises under" bankruptcy jurisdiction and asserts that this matter, upon removal, should be referred to the Bankruptcy Court.  First, McDermott argues that the action is a collateral attack on the Bankruptcy Court's order (D.E. 1-1), which held that the transaction—an executory contract—was deemed rejected by the Debtor.  D.E. 1, p. 2; 1-1; 6, p. 2; 20, pp. 7-8.  As a subsidiary matter, the Bankruptcy Court's order that the Debtor is deemed to have rejected the contract raises the question whether Plaintiff, as Debtor-in-Possession, has any authority concerning the contract.  D.E. 20, pp. 4, 7-8.  Second, McDermott argues that the recovery Plaintiff seeks on the claims, owned by the Plaintiff as Debtor-in-Possession, constitutes property of the estate which impacts the administration of the estate and the liquidation of assets of the estate, making them "core" bankruptcy proceedings as defined by 28 U.S.C. § 157(b). D.E. 1, p. 2; 6, p. 2; 20, pp. 7-8.

## DISCUSSION

### A.  Removal Was Proper

This removal is not fatally defective because it was filed in the United States District Court rather than in the United States Bankruptcy Court for this district and division.  D.E. 14, pp. 4-8.  According to Plaintiff, because General Order 2012-6

provides an automatic reference of cases arising in or related to Title 11 of the United States Code to the bankruptcy courts of this district, filing the removal with the District Clerk was improper and any corrected notice of removal would be untimely.  Plaintiff further complains of forum shopping.

Pursuant to 28 U.S.C. § 1452(a), a bankruptcy-related removal is to be filed in "the district court for the district where such civil action is pending . . . ."  According to *In re Coastal Plains, Inc.*, 326 B.R. 102, 107-08 (Bankr. N.D. Tex. 2005), *aff'd*, 338 B.R. 703 (N.D. Tex. 2006), such a removal may be filed with the bankruptcy clerk in the appropriate district and division.  *See also In re McMullan*, 196 B.R. 818, 834 n.10 (Bankr. W. D. Ark. 1996), *aff'd*, 162 F.3d 1164 (8th Cir. 1998) (*per curiam*).

In *Coastal Plains*, the argument was that a filing with the bankruptcy court rather than the district court was improper.  That court held that the argument presented "a distinction without a difference,"[1] explaining that the relationship between the district courts and bankruptcy courts was such that removal to either court in a bankruptcy-related matter would get to the appropriate court, regardless.  *Coastal Plains, supra* at 107.  *See also Citicorp Savings of Illinois v. Chapman* (*In re Chapman*), 132 B.R. 153, 155-56 (Bankr. N.D. Ill. 1991) (holding that the bankruptcy judges, as judicial officers of the district court, are part of the same unit as the district court and removal "may" be filed with the bankruptcy court).

---

[1]   The "distinction without a difference" is especially true here because the rules require the removal to be filed with the "clerk for the district and division within which is located the state or federal court where the civil action is pending."  Bankruptcy Rule 9027(a)(1).  While "clerk" may refer to the bankruptcy clerk as held by *Coastal Plains*, there is no separate bankruptcy clerk in this district and division.  Thus, filing the removal with the district clerk is the same as filing with the bankruptcy clerk.

Plaintiff's cases show that removal directed to the Bankruptcy Court would have been proper.  Plaintiff has not demonstrated that removal to the District Court was fatally defective.  Because General Order 2012-6 refers bankruptcy cases to the bankruptcy courts and because of the known constitutional limits of non-Article III judges, this Court is confident that removals directed to the District Court or to the Bankruptcy Court in this division will ultimately be adjudicated by the appropriate court and any attempt at forum shopping will be futile.  The Court FINDS that the removal was proper.

**B.  Collateral Attack on Bankruptcy Court Order**

Pursuant to 11 U.S.C. § 365, a bankruptcy debtor may assume or reject an executory contract depending on the debtor's ability to meet certain conditions regarding the cure of defaults, compensation of the other contracting party for pecuniary losses associated with past defaults, and provision of adequate assurance that the debtor will perform in the future.  § 365(b)(1).  In this case, according to the Bankruptcy Court's order, Plaintiff as Debtor-in-Possession did not meet the requirements to assume the real estate purchase agreement with McDermott pursuant to the powers bestowed by the Bankruptcy Code.  It was therefore rejected as an executory contract.  D.E. 1-1.

McDermott argues that, because part of the relief that the Plaintiff requests is the revival and enforcement of the previously rejected executory contract, the action is a challenge to the Bankruptcy Court's order that deemed the contract rejected, and is thus a core question within bankruptcy jurisdiction.  *Republic Underwriters Ins. Co. v. DBSI Republic*, LLC, 409 B.R. 720, 728 (Bankr. D. Del. 2009).  The *Republic* opinion is not instructive in that the DBSI bankruptcy case out of which that proceeding arose involved

an ongoing restructuring of executory contracts in which master leases were rejected but subleases were assumed and assigned.  The DBSI bankruptcy court expressly retained jurisdiction to interpret and enforce the § 365 orders effectuating the restructuring and the treatment of the contracts.

Unlike *Republic*, the Canyon Supply bankruptcy court simply entered its order deeming the subject contract rejected.  It did not approve the assumption or restructuring of any related contracts and did not expressly retain jurisdiction to interpret any additional legal actions.  Thus the argument that this action represents a "collateral attack" within the jurisdiction of the bankruptcy court misses the mark.  To the extent that it defies any part of the bankruptcy court's order, McDermott may have a res judicata or collateral estoppel defense, which does not provide removal jurisdiction.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (noting that it is well-settled that defensive issues generally do not provide a basis for removal).  This action is not a collateral attack on the Bankruptcy Court order requiring the exercise of federal jurisdiction.

### C. Authority to Proceed

McDermott has argued that, by rejecting the contract in the bankruptcy case, Plaintiff has lost the right to enforce the contract, citing *In Re Ground Round, Inc.*, 335 B.R. 253, 261 (Bankr. 1st Cir. 2005), *In Re Ortiz*, 400 B.R. 755, 764 (Bankr. C.D. Calif. 2009), *Rudaw/Empirical Software Products, Ltd. v. Elgar Electronics Corp.*, 83 B.R. 241 (Bankr. S.D.N.Y. 1988), *In re Executive Technology Data Systems*, 79 B.R. 276, 282 (Bankr. E.D. Mich. 1987), and *In re Colvin*, 2007 WL 4553352, *4 (Bkrtcy. D.Idaho

2007).   According to *Rudaw*, § 365 "prohibits a rejecting debtor from compelling the contracting creditor to perform its executory obligations."   *Rudaw, supra* at 246.   If, by this argument, McDermott suggests that the contract is beyond legal action, its cases actually contradict its proposition.

In *Rudaw*, the debtor had entered into a prepetition agreement to sell software rights under an installment plan that included a noncompetition agreement.   In bankruptcy, before all of the installment payments were made and before the expiration of the time period for the noncompetition agreement, the debtor sought to treat the rejection of the executory contract as equivalent to a rescission and wanted to "undo" the parts of the contract that were already executed.   The court repeatedly rejected that legal position, holding that the debtor could not, by the mere act of rejection of the executory contract, regain property that had been sold under an installment agreement.

According to the *Rudaw* court, the debtor lost (or, more accurately, did not regain) the right to the software it had sold and the debtor could not prevent the creditor from enforcing the noncompetition agreement against third parties.   *Id*. at 246.   The debtor did not, however, lose the right to the remainder of his purchase price that was originally to be paid in installments.   While the case did not include any claim against the creditor for the balance of the purchase price, the case is clear in holding that particular portion of the contract to be executed and enforceable.

The holding in *Executive Technology, supra* is similar.   That court held that rejection of an executory contract was not the same as a rescission.   As to the unexecuted portions of the contract, *Executive Technology* stands for the proposition that when the

contract is rejected, the contract—as written—is no longer enforceable by either party. That is not, however, the same thing as leaving the parties without any contract-related rights.  After rejection, the debtor, without more, cannot compel the creditor to perform executory obligations.  Yet if the debtor is entitled to some other remedy provided by law, that remedy may be enforced by way of litigation.

*In re Colvin* is similar.  There, a Chapter 7 debtor sought to enforce the contract according to its terms without first even trying to accept it as an executor contract under the Bankruptcy Code.  The fact that the case is a Chapter 7 case is significant in that the debtor was not empowered to continue to operate the business in any fashion outside the direct purview of the Bankruptcy Court.  The Bankruptcy Court deemed the contract rejected pursuant to the time limitations imposed by the Bankruptcy Code, § 365.  The debtor did not assert any non-bankruptcy state law rights regarding the reasons for default as is the case here.

"[T]he rights and obligations of the parties remain intact after a rejection because 'rejection does not change the substantive rights of the parties to the contract, but merely means the bankruptcy estate itself will not become a party to it.' "  *Ground Round, supra* at 261 (quoting Michael T. Andrew, *Executory Contracts in Bankruptcy: Understanding 'Rejection'*, 59 U. COLO. L. REV. 845, 848-49 (1988) ("[R]ejection does not cancel, repudiate, or terminate contracts")); *Ortiz, supra* (same).  So while the bankruptcy estate does not continue to perform or enforce the contract according to its original terms post-petition, the debtor's rights with respect to the contract continue to exist, in the altered

posture of the debtor being deemed to have breached its performance obligation immediately prior to the date the bankruptcy proceeding was filed.

Any remaining rights that the Plaintiff owns against McDermott with respect to the contractual relationship and its demise are therefore property of the Debtor's estate, and have been scheduled as such.  D.E. 20, p. 4; 22, p. 2 n.2.  All property of the estate that is not abandoned as burdensome or of minimal value is subject to administration under the jurisdiction of the Bankruptcy Court.  11 U.S.C. §§ 541(a)(1), 554(d).

At the hearing held on this matter June 13, 2013, the parties agreed that, as Debtor-in-Possession, Plaintiff has the powers of a Trustee, including the authority to operate the business of Canyon Supply without the direct oversight of the Bankruptcy Court.  *See* 11 U.S.C. §§ 1106-08.  "Operation of a business necessarily includes the ability to make decisions regarding the initiation of litigation for the benefit of the estate."  *Matter of Interco Inc*., 135 B.R. 631, 633 (Bkrtcy. E.D.Mo. 1992).

Therefore, maintenance of this action does not require the exercise of federal jurisdiction.  This lawsuit is "related to," but does not "arise under title 11" or "arise in a case under title 11."   Consequently, remand is appropriate under the mandatory abstention provision of 28 U.S.C. § 1334(c)(2) as the lawsuit alleges only state law causes of action and no other provision supports federal jurisdiction.  *See generally*, *Hoodye v. Wells Fargo Bank, NA*, No. 2:12–CV–402, 2013 WL 672567 (S.D. Tex. Feb. 25, 2013) (Ramos, J.).

## CONCLUSION

For the reasons set out above, the Court GRANTS the Motion (D.E. 14) and REMANDS this action to the County Court at Law No. 1, Nueces County Texas, the court from which it was removed.

ORDERED this 24th day of June, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE